UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DARLA JEAN DELONG,

    Plaintiff,

v.	Case No. 8:20-cv-753-NPM

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## ORDER

Before the Court is a Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act (Doc. 23). Plaintiff Darla Jean Delong's attorney, Suzanne Harris, requests the Court award fees and costs pursuant to EAJA, 28 U.S.C. § 2412(d). The Commissioner of Social Security has not objected to the relief sought. For the reasons below, the motion is granted in part.

On September 22, 2021, the Court reversed the decision of the Commissioner and remanded the case pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 21). Final judgment was entered the next day. (Doc. 22). Now, Harris requests a fee award of $2,936.58, expenses in the amount of $17.25 (for mailing), and costs in the amount of $400 (for the filing fee). (Doc. 23, p. 1).

In order for Plaintiff to receive an award of fees and costs under EAJA, the following five conditions must be established: (1) Plaintiff must file a timely

application for attorney's fees; (2) Plaintiff's net worth must have been less than $2 million dollars at the time the Complaint was filed; (3) Plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) the position of the United States must not have been substantially justified; and (5) there must be no special circumstances that would make the award unjust. 28 U.S.C. § 2412(d); *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). Upon consideration and with no opposition by the Commissioner on eligibility grounds, the Court finds all conditions of EAJA have been met.

EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988). The resulting fee carries a strong presumption that it is a reasonable fee. *City of Burlington v. Daque*, 505 U.S. 557, 562 (1992).

EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the Court determines an increase in the cost of living, or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Thus, determination of the appropriate hourly rate is a two-step process. The Court first determines the prevailing market rate; then, if the prevailing rate exceeds $125.00, the Court determines whether to adjust the hourly rate. *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992). The prevailing market rates

must be determined according to rates customarily charged for similarly complex litigation and are not limited to rates specifically for social security cases. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985).

Plaintiff requests 6.2 hours of work performed at $100 an hour for paralegal time (Doc. 23, p. 6). EAJA allows fees for paralegal services at prevailing market rates. *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 581 (2008). The Court finds that $100 is a reasonable rate for the services of the paralegals.

Plaintiff also requests hourly rates of $203.94 for attorney Harris, and $125 for three other attorneys within the same firm (McGarry, Olinsky, and Del Guercio), which is unchallenged by the Commissioner. The Court finds the hourly rates may be adjusted to the reasonable requested hourly rates for attorneys Harris, McGarry, and Olinsky. After review of the services provided, the Court finds 17.6 hours expended by the attorneys was reasonable. (Doc. 23, p. 7). Because attorney Del Guercio is a "non-admitted attorney" (Doc. 23 at 2), the Court will apply the paralegal rate of $100 an hour for her one hour of services. *See Callaway v. Acting Comm'r of Soc. Sec.*, 802 F. App'x 533, 537 (11th Cir. 2020) (finding that if an attorney is not admitted in a court as required by a local rule, a court does not abuse its discretion by compensating the attorney at a paralegal hourly rate).

Plaintiff filed an "Affirmation and Waiver of Direct Payment of EAJA Fees" signed by Plaintiff. (Doc. 23-18). Under the Affirmation and Waiver, Plaintiff waived directed payment of the EAJA fees and assigned her rights to any EAJA fees to her attorneys. (*Id.*) The Court will allow the fees to be paid directly to attorney Harris if the United States Department of Treasury determines that no federal debt is owed by Plaintiff.

Delong seeks $400 in costs for the filing fee. Pursuant to 28 U.S.C. § 2412 and as enumerated in 28 U.S.C. § 1920, this cost is permitted to be awarded to the prevailing party. Therefore, the Court awards $400 in costs. Delong requests $17.25 in expenses for mailing. (Doc. 25-1, p. 14). These expenses appear reasonable and within the discretion of the Court to award and will therefore be awarded as well. *See Volk v. Astrue*, No. 3:11-cv-533-J-TEM, 2012 WL 5387967, *1 (M.D. Fla. Nov. 2, 2012) (finding the costs of mailing to file the complaint and for service of summons reasonable and awardable).

Accordingly, it is **ORDERED** that the Unopposed Petition for Attorney's Fees Under the Equal Access to Justice Act (Doc. 23) is **GRANTED** and the Court awards $2,951.58 in attorney and paralegal fees, $17.25 in expenses, and $400 in costs. The fee-and-cost award may be paid directly to counsel if the United States Department of Treasury determines that no federal debt is owed by Plaintiff Darla Jean Delong. The Clerk of Court is directed to enter an amended judgment.

Ordered in Fort Myers, Florida, on January 22, 2022.

*[Signature: Nicholas P. Mizell]*
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE